UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIS A. CRUZ-DELGADO,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1269 (JAF)

(Crim. No. 07-246 (JAF))

## OPINION AND ORDER

Petitioner, Luis Cruz-Delgado, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 10-251. (Docket No. 1.)

### I.

### Background

Petitioner was charged with two drug-related offenses: One count of aiding and abetting the possession of narcotics and one count for possessing a firearm in relation to a drug trafficking crime. On January 13, 2011, Petitioner agreed to plead guilty on both counts. (Crim. Docket No. 106.) We sentenced Petitioner to 146 months. (Id.) Judgment was entered on September 18, 2008. (Crim. Docket No. 108.) On June 3, 2009, Petitioner's conviction was affirmed on appeal. United States v. Cruz-Delgado, Appeal No. 08-2349 (1st Cir. 2009). Petitioner failed to request a petition for a writ of certiorari—making his conviction final on September 1, 2009. On April 4, 2013—over

three and a half years after the limitations period expired—Petitioner filed a motion for relief under 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes. (Docket No. 3.)

## II.

## Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless she can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## Discussion

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255, has a one-year limitations period. See § 2255(f). The period begins to run from "the date on which the conviction becomes final." § 2255(f)(1). When a federal criminal defendant has exhausted his appeals, the conviction becomes final when the time for filing a petition for certiorari with the Supreme Court expires. See Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

Here, Petitioner did not request a writ of certiorari and judgment was entered on September 1, 2009. The one-year limitations period specified in § 2255(f) expired one year later, on September 1, 2010.

Petitioner waited until March 16, 2013, to file this § 2255 motion. (Docket No. 1.) This was more than two years after the one-year limitations period expired. Thus, Petitioner's claim is untimely and subject to dismissal.

Petitioner asserts, however, that he is entitled to equitable tolling because the Supreme Court's decision in Lafler v. Cooper, 566 U.S. ___ (2012), provides a new constitutional rule that should be applied retroactively. See Ramos–Martinez v. United States, 638 F.3d 315, 319 (1st Cir.2011) (the one-year limitations period may be subject to equitable tolling under certain circumstances).

Petitioner's Lafler argument is misplaced. In Lafler v. Cooper, the Supreme Court held that where counsel's ineffective advice causes a defendant to refuse a plea offer, a defendant can obtain habeas relief only by showing that absent the ineffective advice, the offer would have been presented to the court, the court would have accepted it, and the resulting sentence would have been less severe than the one the defendant actually

received. Several appeals courts have held that Lafler, contrary to Petitioner's assertion, is not retroactively applicable to a conviction that became final prior to the March 21, 2012, decision. See Williams v. United States, 705 F.3d 293 (8th Cir. 2013) (Supreme Court's rulings in Lafler did not announce a new rule of constitutional law); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012) (holding that Lafler did not decide a new rule of constitutional law); In re King, 697 F.3d 1189 (5th Cir.2012) (denying authorization to file successive 2254 petition noting that Lafler did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012) (noting that Lafler decision was merely an application of the Strickland v. Washington and Hill v. Lockhart tests as the Supreme Court repeatedly and clearly spoke of applying an established ruled to the specific facts in Lafler); In re Perez, 682 F.3d 930, 933 (11th Cir. 2012) (Lafler did not promulgate new rules because it was dictated by Strickland ).

Even if its principle was retroactively applicable, we see no reason why Lafler would be of any help to the Petitioner. Unlike in Lafler, Petitioner accepted the government's offer and entered a knowing and voluntary guilty plea. (Crim. Docket Nos. 114 & 115.) In other words, Lafler offers no help to Petitioner.

Petitioner has made no argument that would justify equitable tolling. Summary dismissal is in order. See Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir.2002) (holding that a prisoner's habeas petition filed one day late was time-barred by § 2255(f)). Therefore, this court has no authority to consider Petitioner's present 2255 motion, and it must be dismissed.

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 19th day of February, 2014.

                                                                               S/José Antonio Fusté
                                                                               JOSE ANTONIO FUSTE
                                                                               U. S. DISTRICT JUDGE