UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIS A. CRUZ-DELGADO,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1269 (JAF)

(Crim. No. 07-246)

## **MEMORANDUM ORDER**

Luis Cruz-Delgado moves for reconsideration of our denial of his petition to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 10.) He claimed in his original petition that he received ineffective assistance of counsel. (Docket No. 1.) We denied his petition for being untimely. (Docket No. 12.) Because his motion for reconsideration also raises ineffective assistance of counsel claims, it is a second or successive petition requiring circuit approval that Cruz-Delgado has not received. As a result, his motion is denied.

Petitioner was charged with two drug-related offenses: One count of aiding and abetting the possession of narcotics and one count for possessing a firearm in relation to a drug trafficking crime. On January 13, 2011, Petitioner agreed to plead guilty on both counts. (Crim. Docket No. 106.) We sentenced Petitioner to 146 months. (Id.) Judgment was entered on September 18, 2008. (Crim. Docket No. 108.) On June 3, 2009, Petitioner's conviction was affirmed on appeal. United States v. Cruz-Delgado, Appeal No. 08-2349 (1st Cir. 2009). Petitioner failed to request a petition for a writ of certiorari—making his conviction final on September 1, 2009. On April 4, 2013—over three and a half years after the limitations period expired—Petitioner filed a motion for relief under 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes. (Docket No. 3.) We denied Petitioner's motion for

relief as untimely. (Docket No. 12.) Petitioner moved for reconsideration, arguing that he is entitled to relief because he is incarcerated for an offense not authorized by Congress. (Docket No. 14.) We deny his motion.

Petitioner argues that he is entitled to relief because he is incarcerated for an offense not authorized by Congress. According to Petitioner, Count Two of the indictment— § 924(c)(1)(A)(i)—lists two separate offenses: (1) the use or carrying of a firearm in furtherance of a drug trafficking crime; and (2) possession of a firearm in furtherance of a drug trafficking crime. Petitioner contends that he was indicted based on conduct from the section 924(c) possession offense in conjunction with the standard of participation (during and in relation) from the use offense, which created a cross-matching of elements that resulted in an erroneous, nonexistent standard of participation.

Contrary to Petitioner's assertions, 18 U.S.C. § 924(c)(1)(A)(i) outlines sentencing factors—not elements of two separate offenses. Petitioner's novel statutory interpretation of § 924 is also contrary to First Circuit precedent. United States v. O'Brien, 542 F.3d 921, 924 (1st Cir. 2008). In O'Brien, the court stated that federal laws usually list all offense elements in a single sentence and separate the sentencing factors into subsections. When a statute has this sort of structure, we presume that its principal paragraph defines a single crime and its subsections identify sentencing factors. The Court went on to say that the current version of section 924(c) follows this pattern, by asserting that the first sentence (down to the semi-colon) sets forth the elements that the jury should find and the corresponding five-year minimum sentence; then, the subsequent subparagraphs increase the mandatory minimum under various circumstances, which could readily be established at sentencing. See also United States v. Haynes, 582 F.3d 686, 704 (7th Cir. 2009) (section 924(c) charges one offense that may be committed in more ways than one); United States v. Arreola, 467 F.3d

1153, 1161 (9th Cir.2006) (concluding that § 924(c) does not list two separate offenses, but two ways to commit the same offense).

Petitioner was properly charged, convicted and sentenced. Petitioner's motion fails.

## IV.
## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[Cruz-Delgado] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Cruz-Delgado has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Cruz-Delgado may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's motion for reconsideration. (Docket No. 14).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of August, 2013.

                                                        S/José Antonio Fusté
                                                        JOSE ANTONIO FUSTE
                                                        U. S. DISTRICT JUDGE